SEND

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 18 2007

CENTRAL DISTRICT OF CALIFORNIA
BY            SC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ordo Templi Orientis, | ) CASE NO.  SACV 07-488-JVS(ANx) |
| Plaintiff, | ) INITIAL ORDER FOLLOWING<br>) FILING OF COMPLAINT ASSIGNED<br>) TO JUDGE SELNA |
| v. | ) |
| Focus Features, LLC., et al., | ) |
| Defendant. | ) |
| | ) |

DOCKETED ON CM

MAY 21 2007

BY _____ 074

COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS POSSIBLE THEREAFTER.  IF THIS CASE WAS ASSIGNED TO THIS COURT AFTER BEING REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

This case has been assigned to the calendar of Judge James V. Selna. The intent of this Order is to ensure that this case will proceed so as "to secure [a] just, speedy and inexpensive determination." (Fed.R.Civ. P., Rule 1.)

**A.    THE COURT'S ORDERS**

Copies of Judge Selna's orders that may have specific application to this case are available on the Central District of California website.  <u>See</u> ¶ N. Those orders include the following:

      (1)    Order Setting Rule 26(f) Scheduling Conference

      (2)    Order re Civil Jury Trials

      (3)    Order re Civil Court Trials

      (4)    Order re RICO Case Statement

**B.    SERVICE OF PLEADINGS**

Although Fed.R.Civ.P., Rule 4(m) does not require the summons and complaint to be served for as much as 120 days, the Court expects that they will be served much sooner than that, and will require plaintiff to show cause before then if it appears that there is undue delay.

**C.    ASSIGNMENT TO A MAGISTRATE JUDGE**

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial.  The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form.  <u>See</u> ¶ N.

**D.    EX PARTE PRACTICE**

*Ex parte* applications are solely for extraordinary relief and should

1  be used with discretion.  <u>See Mission Power Engineering Company v.</u>

2  <u>Continental Casualty Co.</u>, 883 F. Supp. 488 (C. D. Cal. 1995).  The Court will

3  generally decide *ex parte* matters on the papers.  Opposition to an *ex parte*

4  application, if any, should be submitted within 24 hours.

5

6  **E.    <u>APPLICATIONS AND STIPULATIONS FOR EXTENSIONS</u>**

7  **<u>OF TIME</u>**

8

9          No stipulations extending scheduling requirements or modifying

10  applicable rules are effective until and unless the Court approves them.  Both

11  applications and stipulations must set forth:

12

13          1.    the existing due date or hearing date;

14

15          2.    specific, concrete reasons supporting good cause for granting the

16  extension.  In this regard, a statement that an extension "will promote settlement"

17  is insufficient.  The requesting party or parties must indicate the status of ongoing

18  negotiations: have written proposals been exchanged?  Is counsel in the process of

19  reviewing a draft settlement agreement?  Has a mediator been selected?

20

21          3.    whether there have been prior requests for extensions, and

22  whether these were granted or denied by the Court.

23

24  **F.    <u>TRO'S AND INJUNCTIONS</u>**

25

26          Parties seeking emergency or provisional relief shall comply with

27  F.R.Civ.P., Rule 65 and Local Rule 65.  The Court will not rule on any

28  application for such relief for at least 24 hours after the party subject to the

3

1  requested order has been served; such party may file opposing or responding

2  papers in the interim.

3

4  **G.    CASES REMOVED FROM STATE COURT**

5

6  All documents filed in state court, including documents appended to

7  the complaint, answers and motions, must be refiled in this Court as a supplement

8  to the Notice of Renewal, if not already included. See 28 U.S.C. § 1447(a),(b).  If

9  the defendant has not yet answered or moved, the answer or responsive pleading

10  filed in this Court must comply with the Federal Rules of Civil Procedure and the

11  Local Rules of the Central District.  If before the case was removed a motion was

12  pending in state court, it must be re-noticed in accordance with Local Rule 7.

13

14  **H.    STATUS OF FICTITIOUSLY NAMED DEFENDANTS**

15

16  This Court intends to adhere to the following procedures where a matter

17  is removed to this Court on diversity grounds with fictitiously named defendants

18  referred to in the complaint.  (See 28 U.S.C. ¶¶ 1441(a) and 1447.)

19

20  1.    Plaintiff is normally expected to ascertain the identity of and

21  serve any fictitiously named defendants within 120 days of the removal of the action

22  to this Court.

23

24  2.    If plaintiff believes (by reason of the necessity for discovery or

25  otherwise) that fictitiously named defendants cannot be fully identified within the

26  120-day period, an *ex parte* application requesting permission to extend that period

27  to effectuate service may be filed with this Court.  Such application shall state the

28  reasons therefor, and may be granted upon a showing of good cause.  The *ex parte*

1 application shall be served upon all appearing parties, and shall state that appearing

2 parties may comment within seven (7) days of the filing of the *ex parte* application.

3

4         3.     If plaintiff desires to substitute a named defendant for one of the

5 fictitiously named parties, plaintiff first shall seek to obtain consent from counsel

6 for the previously-identified defendants (and counsel for the fictitiously named

7 party, if that party has separate counsel). If consent is withheld or denied, plaintiff

8 may apply *ex parte* requesting such amendment, with notice to all appearing

9 parties. Each party shall have seven calendar days to respond. The *ex parte*

10 application and any response should comment not only on the substitution of the

11 named party for a fictitiously named defendant, but on the question of whether the

12 matter should thereafter be remanded to the Superior Court if diversity of

13 citizenship is destroyed by the addition of the new substituted party. See U.S.C. §

14 1447(c), (d).

15

16 **I.     BANKRUPTCY APPEALS**

17

18         Counsel shall comply with the ORDER RE PROCEDURE TO BE

19 FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the

20 appeal is filed in the District Court.

21

22 **J.     MOTIONS UNDER FED.R.CIV.P., Rule 12**

23

24         Many motions to dismiss or to strike could be avoided if the parties

25 confer in good faith (as they are required to do under L.R. 7-3), especially for

26 perceived defects in a complaint, answer or counterclaim which could be corrected

27 by amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a

28 motion to dismiss is granted, a district court should provide leave to amend unless

1  it is clear that the complaint could not be saved by *any* amendment).  Moreover, a
2  party has the right to amend his complaint "once as a matter of course at any time
3  before a responsive pleading is served." Fed.R.Civ.P., Rule 15(a).  A 12(b)(6)
4  motion is not a responsive pleading and therefore plaintiff might have a right to
5  amend.  See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St.
6  Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir.
7  1981).  And even where a party has amended his Complaint once or a responsive
8  pleading has been served, the Federal Rules provide that leave to amend should be
9  "freely given when justice so requires." F.R.Civ.P., Rule 15(a).  The Ninth Circuit
10  requires that this policy favoring amendment be applied with "extreme liberality."
11  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).
12
13       These principles require that counsel for the plaintiff should carefully
14  evaluate the defendant's contentions as to the deficiencies in the complaint and that
15  in many instances the moving party should agree to any amendment that would
16  cure a curable defect.
17
18       In the unlikely event that motions under Rule 12 challenging
19  pleadings are filed after the Rule 26(f) Scheduling Conference, the moving party
20  shall attach a copy of the challenged pleading to the Memorandum of Points and
21  Authorities in support of the motion.
22
23       The foregoing provisions apply as well to motions to dismiss a
24  counterclaim, answer or affirmative defense, which a plaintiff might contemplate
25  bringing.
26
27  **K.    REQUIREMENTS FOR BRIEFS**
28

6

1    In addition to the requirements in Local Rule 11-4, the Court requires

2    the following for all briefs:

3

4    1. No footnote shall exceed 5 lines. The Court strongly discourages

5    the use of extensive footnotes as a subterfuge to avoid page limitations in the Local

6    Rules.

7

8    2. All footnotes shall be in the same type size as text. <u>See</u> Local Rule

9    11-3.1.1.

10

11    3. Each case cited shall include a jump cite to the page or pages where

12    the relevant authority appears (<u>e.g.</u>, <u>United States v. Doe</u>, 500 U. S. 1, **14, 17**

13    (1997)).

14

15    Failure to follow these requirements may result in rejection of a brief for

16    correction.

17

18    **L.    <u>LEAD COUNSEL</u>**

19

20    Lead counsel shall appear on all dispositive motions, scheduling

21    conferences, and settlement conferences.

22

23    **M. <u>COMPUTER DISKS</u>**

24

25    When the Court requires that a computer disk be submitted (*e.g.*, with

26    summary judgment papers or proposed jury instructions), that disk should be left in

27    a labeled envelope and lodged with the clerk. The disk should be formatted in

28    WordPerfect9.

1

**N.    WEBSITE**

2

3          Copies of this Order and other orders of this Court are available on the

4   Central District of California's website, at "www.cacd.uscourts.gov" at Judge

5   Selna's home page located under "Judge's Procedures and Schedules."

6

7      **O.    TENTATIVES–DAY OF HEARING AND WEB POSTING**

8

9          The Court attempts to issue tentative rulings on each motion.  Tentatives will

10  be posted on the Court's website: www.cadc.uscourts.gov/.  From the home page,

11  click on "Judges' Procedures and Schedules" in the left column.  From the list,

12  click on "Hon. James V. Selna," which will take you to Judge Selna's page.  Click

13  on the red notice in the upper left: "Click here to view Tentative Rulings."  Then

14  click on the desired ruling which comes up in a .pdf file which can be read with an

15  Adobe Acrobat reader.  Judge Selna attempts to post tentatives by late Friday

16  afternoon preceding the hearing date.  Hard copies of tentatives will also be

17  available from the clerk approximately 15 minutes before the hearing.

18

19         The Court thanks counsel and the parties for their anticipated

20  cooperation.

21

22          IT IS SO ORDERED.

23

24  Dated:        J.18.07

James V. Selna

25                                    United States District Judge

26

27

28

8